In re Jenny Lee FORD, Debtor.

W.H. FORD, as Trustee, Plaintiff,

v.

Jenny Lee FORD, Defendant.

Bankruptcy No. 93–1758–9P7.
Adv. No. 93–365.

United States Bankruptcy Court,
M.D. Florida,
Fort Myers Division.

Feb. 22, 1994.

John F. Hanlon, III, Naples, FL, for plaintiff.

Jeffrey W. Leasure, Fort Myers, FL, for defendant.

## ORDER ON CROSS–MOTIONS FOR SUMMARY JUDGMENT

ALEXANDER L. PASKAY, Chief Judge.

THIS is a Chapter 7 liquidation case and the matter under consideration is a Motion for Summary Judgment directed to Count III of a Complaint filed by W.H. Ford, as Trustee for himself and for his three children (Plaintiff) in the above captioned adversary proceeding. In his four-count Complaint the Plaintiff originally sought a determination that the debt due and owing by Jenny Lee Ford (Debtor) to the Plaintiff is nondischargeable pursuant to § 523(a)(3), (a)(4) and (a)(6). The Plaintiff's Complaint also sought, in Count IV, a determination that the Debtor is not entitled to the protection of the general discharge by virtue of § 727(a)(4)(A).

On October 21, 1993, this Court entered an Order dismissing the claims in Count II. On October 26, 1993, this Court granted the Debtor's Motion for Summary Judgment on the claims set forth in Counts I and IV, which according to the Plaintiff would justify resolution of the remaining claim, set forth in Count III of the Complaint, in favor of the

Debtor as a matter of law. The facts pertinent to resolution of the claim in Count III are indeed undisputed and are as follows:

At the time relevant, the Debtor's husband, J. Robert Ford, was a principal in Ford Brothers, Inc., a corporation operating a business in the State of Michigan. On November 21, 1980, Ford Brothers, Inc., (Ford Brothers) executed a promissory note in favor of the Plaintiff, in the amount of $545,000.00, as a settlement of a litigation that was then pending in the United States District Court for the Southern District of Ohio, Western Division. As a part of this settlement, the Debtor on behalf of Ford Brothers executed a Security and Escrow Agreement in which Ford Brothers pledged 249.5 shares of stock as collateral to secure the obligation under the Promissory Note executed by Ford Brothers. J. Robert Ford, the Debtor's husband, also personally guaranteed the Promissory Note.

Subsequently, Ford Brothers defaulted on the Promissory Note and on January 5, 1989, the Plaintiff filed suit in the Court of Common Pleas, Lawrence County, Ohio against J. Robert Ford and Ford Brothers, Inc. On September 21, 1989, the Court of Common Pleas entered judgment in favor of the Plaintiff and against J. Robert Ford and Ford Brothers, Inc., jointly and severally, in the amount of $73,745.31. The Judgment authorized the Plaintiff to exercise his rights under the Security and Escrow Agreement as to the Ford Brothers stock.

On July 28, 1989, during the pendency of the litigation and before the entry of the judgment, J. Robert Ford the Debtor's husband, transferred his interest in certain real property located in Wayne County, West Virginia to his wife, the Debtor. In addition, on June 17, 1991, J. Robert Ford and the Debtor executed a Deed of Trust on the West Virginia property to David Reed and Henry Keyes, Trustees for One Valley Bank of Huntington, Inc, (Huntington Bank) to secure payment of a $200,000.00 loan.

In 1991, the Plaintiff filed suit in West Virginia against J. Robert Ford, the Debtor, and the Huntington Bank in the Circuit Court of Wayne County, West Virginia. The Plaintiff's three-count Complaint sought avoidance of the transfer of the West Virginia property as a fraudulent conveyance, an injunction against further transfers of this property, a judicial sale of the West Virginia property, to levy execution upon the shares of Ford Brothers, Inc. stock, subordination of the Huntington Bank lien to the lien of W.H. Ford on the West Virginia property, for money judgment in the amount of $73,745.31 and for punitive damages in the amount of $500,000.00. The matter was tried without jury. On November 19, 1992, the Circuit Court entered judgment against the Debtor in the amount of $213,461.82. (Exh. J). However, the final judgment does not specify upon which counts of the Complaint the judgment is entered. In addition, the judgment does not make any specific findings of willful, malicious or fraudulent conduct by the Debtor.

On February 18, 1993, the Debtor filed her Petition for Relief under Chapter 7 of the Bankruptcy Code. On June 7, 1993, the Plaintiff filed the Complaint before this Court, seeking a determination that the debt is nondischargeable pursuant to § 523(a)(6).

█ Based upon the foregoing, the Plaintiff contends that the final judgment in the West Virginia litigation establishes all of the operating elements of a claim of nondischargeability under § 523(a)(6) of the Bankruptcy Code, and therefore, under the principle of collateral estoppel, the Debtor is precluded from relitigating these issues before this Court. In opposition, the Debtor contends that the Final Judgment is not clear as to which of the three counts judgment was entered.

█ The doctrine of collateral estoppel, or issue preclusion prohibits relitigation of an issue which was already litigated and determined by a Court of competent jurisdiction. The Eleventh Circuit has recognized the principle of issue preclusion and has held that the Bankruptcy Court is precluded from relitigation issues only if:

(1) The parties to the prior litigation were identical;

(2) The issues at stake in the bankruptcy proceeding were identical to those involved in the prior litigation;

(3) The issues at stake in the bankruptcy proceeding were actually litigated in the prior litigation;

(4) Determination of the issues in the prior proceeding were a critical and necessary part of the judgment; and

(5) The standard of proof in the prior action must have been at least as strong as the standard of proof in the adversary proceeding.

*In re St. Laurent,* 991 F.2d 672 (11th Cir. 1993); *In re Halpern,* 810 F.2d 1061 (11th Cir.1987). The Debtor concedes that the parties to the West Virginia litigation were identical and the standard of proof was at least as strong as the standard of proof required for a determination of dischargeability pursuant to § 523(a)(6).

Considering that the Complaint filed originally in the Circuit Court in West Virginia bears only a slight resemblance to the operating elements of a viable claim of nondischargeability, it is clear that with the possible exception of the claim set forth in Count III, none of the other claims have anything to do with a claim of nondischargeability of the Debtor's liability under § 523(a)(6). Inasmuch as the final judgment is not specific as to which count judgment is entered, this Court is satisfied that to apply the doctrine of collateral estoppel would not be appropriate. Therefore, the Plaintiff is not entitled to judgment in its favor as a matter of law.

Therefore, it is

ORDERED, ADJUDGED AND DE-CREED that the Motion for Summary Judgment is denied. It is further

ORDERED, ADJUDGED AND DE-CREED that a pre-trial shall be scheduled on April 7, 1994 at 2:00 p.m. at Barnett Plaza, 2000 Main Street, Suite 302, Ft. Myers, Florida to consider all counts of the Complaint.

DONE AND ORDERED.